**WOODARD, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5294. Decided November 28, 1955.

Alfred J. Henney, Lewis F. Byers, Columbus, for plaintiff-appellant.
Hon. C. William O'Neill, Atty. Genl., Paul Tague, Jr., James M. Videan, Asst. Attys. Genl., Columbus, for defendant-appellee.

(FESS, J, of the Sixth District; NICHOLS, PJ, GRIFFITH, J, of the Seventh District, sitting by designation in the Second District.)

## OPINION

By FESS, J.

Appeal on questions of law from a judgment upon a verdict finding that plaintiff is not entitled to participate in the State Insurance Fund.

During the trial defendant's counsel was permitted to read to the jury copies of letters and entries in the Veterans Administration files concerning claims which plaintiff had had with that Administration. This material had been marked as exhibits at the hearing before the referee, but had been excluded upon plaintiff's objection thereto. The exhibits were not included in the transcript certified by the secretary of the Commission nor do they appear in the record on this appeal. After defendant rested plaintiff renewed his objection to the exhibits on the ground that they contained interlineations and contained incompetent, irrelevant and immaterial matter prejudicial to the plaintiff. The Court said: "The objection is overruled with the exception that the exhibit has been changed somewhat by interlineation, and I am going to allow counsel to read it and not let it go to the jury for their examination. It is admitted for the purpose of reading to the jury."

Thereupon the exhibits were read to the jury.

The exhibits are not in the record for examination by this Court, but it is conceded in the briefs that they directly contradict the evidence of plaintiff that he had been in good health before his alleged injury.

Counsel for plaintiff did not object to the introduction of the exhibits on the ground that they were not a part of the record before the Commission, and no doubt the trial court was unaware of their inadmissibility on that ground. Although §4123.51 R. C. prior to its amendment provided that the court might admit in evidence such competent, material, or relevant evidence as was excluded by the Commission during rehearings, over objection of the party offering the same, nevertheless the exhibits in question were not made a part of the record. Therefore their admission at the trial constituted error prejudicial to the plaintiff.

Error is also assigned to the testimony of an attorney for the Cincinnati Regional Office of the Veterans Administration regarding proceedings on a claim for pension filed by plaintiff, and the admission of such records as exhibits. Incident to the admission of this testimony and exhibits there was no compliance with the provisions of §12102-23 GC (§2317.40 R. C.) with respect to testimony of a custodian thereof as to its identity and mode of preparation, etc. The admission of such hearsay evidence was prejudicial to plaintiff.

Other errors assigned are found not well taken or nonprejudicial.

The judgment of the Common Pleas Court is reversed and the cause remanded thereto for a new trial.

NICHOLS, PJ, GRIFFITH, J, concur.